**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Castle Megastore Group, Inc., | No. CV-12-02101-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Kylee Wilson et al, | |
| Defendants. | |

On October 3, 2012, Plaintiff Castle Megastore Group, Inc. ("CMG") filed a complaint against Kylee Wilson, Michael Keith Flynn, and Alma Pilar Quintana and their spouses alleging breaches of contract, misappropriation of trade secrets, breaches of fiduciary duties, breaches of the implied covenant of good faith and fair dealing, violation of the Stored Communications Act, and conversion. Doc. 1. Wilson filed a motion to dismiss on November 6, 2012 (Doc. 17), and Quintana filed a motion raising virtually identical arguments on November 19, 2012 (Doc. 22). Plaintiff filed a consolidated response to the motions (Doc. 29) and both Defendants filed replies (Docs. 36-37). Defendant Flynn filed a notice of joinder in the motions to dismiss. Doc. 26. Plaintiff opposed joinder (Doc. 30) and Flynn filed a reply (Doc. 40).[1] All motions have been fully briefed and no party has requested oral argument. For the reasons that follow, the Court will grant Defendants' motions to dismiss.

---

[1] Plaintiff's response opposes joinder on the substance of the arguments in favor of the motions to dismiss. The Court will consider the briefing on the joinder issue as additional briefing on the motions to dismiss.

## I. Background.

CMG is a retailer of novelty and adult-themed merchandise incorporated in Arizona and with its principal place of business in Tempe, Arizona. Doc. 1 at 2. Defendants are all Arizona residents and former employees of CMG and their spouses. Doc. 1 at 2-3. As a condition of their employment, each Defendant signed confidentiality agreements that included non-compete clauses. Doc. 1 at 4.

CMG alleges that Wilson posted an image of a computer screen displaying the company's computer system on Twitter on August 9, 2012. Doc. 1 ¶ 29. Over the next week, CMG claims that Wilson prepared application materials to other companies that contained "confidential information regarding CMG, including CMG's facilities data, the Company's employees, its annual revenue, information regarding its systems and business strategies, sales strategies, sales numbers and programs." Doc. 1 ¶ 25. Wilson was terminated on August 20, 2012.

CMG alleges that while still employed as the "Social Media Specialist," Lynn posted a video of a "confidential CMG Managers' meeting" to a third party website called Vimeo. Doc. 1 ¶ 35; Doc. 1-1 at 22. CMG claims that Flynn shared the link and password to his account with Quintana on September 21, 2012, and with Wilson on September 24, 2012. Doc. 1 ¶ 36. It also alleges that further email communications between the three former employees disclosed other confidential information regarding the company. Doc. 1 ¶ 37. Flynn was terminated on September 24, 2012 (Doc. 1 ¶ 38) and Quintana resigned on July 3, 2012 (Doc. 1 ¶ 50).

## II. Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and they are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d

1103, 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III.  Analysis.

#### A.  Stored Communications Act.

The Stored Communications Act ("SCA"), 18 U.S.C. § 2701, provides a cause of action against anyone who:

> (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or
>
> (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system.

An electronic communication service is defined as "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15).

CMG alleges that Flynn violated the SCA when he posted the video of the manager's meeting on an account he created on a third party website and when he gave Wilson and Quintana access to the site. It alleges that Wilson and Quintana violated the SCA when they accessed the link.

Defendants argue that CMG has failed adequately to allege that they accessed an "electronic communication service" within the meaning of the statute. Doc. 22 at 4-5. CMG emphasizes that the statute covers "*any* service which provides to users the ability to send or receive wire or electronic communications," and points to case law holding that third party websites can be electronic communication services under the SCA. *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 880 (9th Cir. 2002) (finding employee's personal website was an electronic communication service); *Pure Power Boot Camp, v. Warrior Fitness Boot*, 587 F. Supp. 2d 548, 556 (S.D.N.Y. 2008) (holding that private employer email accounts are electronic communication services). CMG argues that the

1 third party website in this case, Vimeo, was an electronic communication service and that 2 Defendants "were aware of the confidential content of the video before accessing it and 3 that Flynn did not have the authority to authorize them to access the website to view the 4 video." Doc. 29 at 8.

5 While Vimeo might be an electronic communication service, CMG provides no 6 support for its assertion that Flynn did not have authority to authorize others to view his 7 Vimeo account. Flynn created the account and provided his password to Wilson and 8 Quintana. CMG alleges that he was not authorized to have or to share the video, but they 9 do not allege that he obtained the video by accessing an electronic communication 10 service that was controlled by CMG.[2] Without additional facts, CMG has not alleged that 11 Defendants gained *unauthorized* access to an electronic communication service. Sending 12 or using a link and password to access a personal account created on a third party website 13 does not appear to violate the SCA.

14 CMG also alleges that Flynn changed the password of the Facebook account he 15 created for CMG after the date he was terminated (Doc. 1 ¶ 42), and that changing the 16 password is a separate ground for finding that Flynn violated the SCA (Doc. 30 at 7-8). 17 But CMG has not alleged any facts about the company's use of the Facebook page from 18 which the Court could conclude that the page was an electronic communication service 19 under the SCA. The Court may not "assume any facts necessary to the [plaintiffs'] claim 20 that they have not alleged." *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club,* 21 *Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). The threadbare statement that Flynn changed 22 the Facebook password (a statement that is not even repeated under the SCA claim 23 heading later in the complaint) does not state a claim under the SCA.

24 **B. State Law Claims.**

25 Jurisdiction in this case is based on the federal question presented by the SCA 26 claim, with supplemental jurisdiction over the state law claims. Doc. 1 ¶ 11; 28 U.S.C

---

28 [2] In CMG's response in opposition to Flynn's notice of joinder, CMG claims that Flynn gained access to the video through CMG's IT systems. Doc. 30 at 6-7. This allegation, however, is not set out in the complaint. *See* Doc. 1 ¶¶ 35-49.

- 4 -

§§ 1331 & 1367. A district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has instructed that "'if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.'" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)). While not a hard-and-fast rule, that statement has come to mean that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id*.

All of the remaining claims against Defendants are based on Arizona law. Having dismissed the SCA claim, the basis for this Court's federal question jurisdiction no longer exists. The Court declines to exercise supplemental jurisdiction over the state law claims that would more appropriately be litigated in state court.

**IT IS ORDERED:**

1. Defendants' motions to dismiss (Docs. 17, 22) are **granted**. The complaint (Doc. 1) is dismissed without prejudice.

2. Consistent with the Court's discussion with the parties at the recent Rule 16 conference, Plaintiff is granted leave to file an amended complaint on or before **March 15, 2013**, following which the parties shall have **30 days** to attempt to resolve this case.

3. A further scheduling conference will be held on **April 17, 2013, at 4:00 p.m.** If the case has not been resolved by that date, the Court will set a litigation schedule for completion of the case.

Dated this 25th day of February, 2013.

_____
David G. Campbell
United States District Judge